# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**DE'ANDRE HOPSON**                                                                 **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:12CV-262-S**

**GARY HUFFMAN** *et al.*                                                          **DEFENDANTS**

## MEMORANDUM OPINION

On May 21, 2012, Plaintiff De'Andre Hopson filed a *pro se* complaint (DN 1) against nineteen Defendants[1] asserting violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. § 1962. On June 1, 2012, Plaintiff filed his first amended complaint (DN 14), as a matter of course, naming ten additional Defendants.[2] Because Plaintiff paid the filing fee, the Clerk of Court issued summonses for Defendants (DNs 8, 13, 15, 17, 18, 22, 40, 52, 54, 66, 67, 73 and 74)[3] and provided them to Plaintiff for service. "Proof of Service" was returned for only five Defendants (DN 55), three of whom had been dismissed from this

---

[1] Defendants are: 1) Gary Huffman, police homicide detective; 2) Barbara Lightsy, police peace officer; 3) Bennie Lightsy, real estate broker; 4) Bennie Berry, "real estate broker/Berry Lawn Care/Hope N Da Hood"; 5) Denise Raine, Youth Alive Director/Raine Supplies; 6) Ryan Conroy, state prosecutor, later identified as "Ryane Conroy" (DN 56); 7) Dana Cohen, state prosecutor; 8) John Balenovich, state prosecutor; 9) Robert Klienfield, owner of Crash Cash; 10) Terrell Grey, "Entertainment ?"; 11) J.P., state prosecutor; 12) Fred G. Thomas, "music producer"; 13) Todd Biggs, Kentucky Farm Bureau Agent; 14) Doug White, Kentucky Farm Bureau Agent; 15) Richard Blain, Kentucky Farm Bureau Agent; 16) Susan Elder, Realtor; 17) Louisville Metro Police Officer Whitford; 18) Adam Solinger, Realtor/Investor; and 19) Sam Aguiar, attorney.

[2] 1) Joe Silverburg; 2) Frank Mascagni; 3) Brenda Rainey; 4) "David Steingel," later identified as "David Stengel" (DN 56); 5) Steve Esselmen; 6) "Commonwealth Judge Charlie Cunnigham"; 7) Jim Leowosky; 8) Scott Barton; 9) Alberta Silverburg; and 10) Mike Bennett.

[3] The docket sheet reveals that Plaintiff submitted summonses to the Clerk of Court for issuance in a piecemeal fashion and that on a few occasions he claimed lost summonses, which were re-issued by the Clerk.

action on dispositive motions.[4]  As to the other two Defendants (Huffman and Cohen) for whom "Proof of Service" was returned, Plaintiff failed to show proper service.

According to Rule 4(m) of the Federal Rules of Civil Procedure,

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Because well over 120 days had passed since Plaintiff filed the complaint and first amended complaint without service on the remaining Defendants, the Court, by Memorandum and Order entered February 24, 2014, ordered Plaintiff to show good cause for his failure to comply with Rule 4(m)'s 120-day service requirement (DN 87).  The Court warned Plaintiff that failure to respond within 21 days from entry of the Memorandum and Order would result in dismissal of the action as to all remaining Defendants.

The twenty-one-day period has expired without a response from Plaintiff.  Accordingly, by separate Order, the Court will dismiss the action against all remaining Defendants due to Plaintiff's failure to comply with Rule 4(m).

Date: March 26, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Counsel of Record
4411.005

---

[4]Defendants Balenovich, Conroy, and Stengel were dismissed from this action by Memorandum and Order entered September 25, 2013 (DN 86).  Defendant Sam Aguiar was also dismissed in that same decision.